# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

Regions Bank, Petitioner,

v.

Richard C. Strawn, Robert K. Borchers, individually and as personal representative of the Estate of Marie Borchers and Nancy Davidson Borchers, Respondents.

Appellate Case No. 2012-213178

---

## ON WRIT OF CERTIORARI TO THE COURT OF APPEALS

---

Appeal From Anderson County
R. Lawton McIntosh, Circuit Court Judge

---

Opinion No. 27555
Heard September 23, 2014 – Filed August 5, 2015

---

## AFFIRMED

---

Harold P. Threlkeld, of The Office of Harold P. Threlkeld, of Anderson, for Petitioner.

Samantha Nelson Murphy, of Epps, Nelson & Epps, of Anderson, for Respondents.

---

**JUSTICE BEATTY:** This matter is before the Court by way of a petition for a writ of certiorari seeking review of the Court of Appeals' decision in *Regions Bank v. Strawn*, 399 S.C. 530, 732 S.E.2d 230 (Ct. App. 2012). Regions Bank

contends that the Court of Appeals erred when it affirmed the trial court's award of statutory damages for the bank's failure to satisfy a mortgage.  We affirm.

## I.  FACTUAL / PROCEDURAL HISTORY

In 2006, Regions Bank brought a foreclosure action against Robert and Nancy Borchers seeking to foreclose on the property the Borchers purchased from Cammie Strawn in 2003.  The Borchers counterclaimed seeking to recover damages from Regions Bank pursuant to section 29-3-320[1] of the South Carolina Code based on the bank's failure to enter satisfaction of the mortgage within the three-month time period required by section 29-3-310[2].

---

[1]  Section 29-3-320 provides in pertinent part:

> Any holder of record of a mortgage having received such payment, satisfaction, or tender as aforesaid who shall not, by himself or his attorney, within three months after such certified mail, or other form of delivery, with a proof of delivery, request and tender of fees of office, repair to the proper office and enter satisfaction as aforesaid shall forfeit and pay to the person aggrieved a sum of money not exceeding one-half of the amount of the debt secured by the mortgage, or twenty-five thousand dollars, whichever is less, plus actual damages, costs, and attorney's fees in the discretion of the court, to be recovered by action in any court of competent jurisdiction within the State.

S.C. Code Ann. § 29-3-320 (2007).

[2]  Section 29-3-310 reads:

> Any holder of record of a mortgage who has received full payment or satisfaction or to whom a legal tender has been made of his debts, damages, costs, and charges secured by mortgage of real estate shall, at the request by certified mail or other form of delivery with proof of delivery of the mortgagor or of his legal representative or any other person being a creditor of the debtor or a purchaser under him or having an interest in any estate bound by the mortgage and on tender of the fees of office for entering satisfaction, within three months after the certified mail, or other form of delivery, with a proof of delivery,

Marie Borchers purchased the home in question from Cammie Strawn. Cammie acquired the home, by deed, from her then-husband, Richard Strawn. Richard Strawn had previously given a mortgage to Regions Bank to secure a line of credit. At the time that the house was sold to Marie Borchers, there was an outstanding balance of $32,240.42 on the credit line.

On the day of closing, Marie Borchers' attorney, James Belk, had an employee deliver a payoff check and a mortgage satisfaction transmittal letter to Regions Bank. The check had the words "Payoff of first mortgage" typed on it. Regions Bank applied the check to the line of credit debt bringing its balance to zero; however, Regions Bank did not satisfy the mortgage. Instead, Regions Bank provided Richard Strawn with new checks on the line of credit even though the public record reflected that Richard Strawn had not owned the property for more than two years. Richard Strawn accrued new debt in excess of $72,000.

Regions Bank attempted to collect Strawn's debt by foreclosing on the Borchers' home. The Borchers answered, counterclaimed and moved for summary judgment on the foreclosure action. The Borchers claimed that they were bona fide purchasers, they complied with section 29-3-310, and, as a result, they were entitled to damages pursuant to section 29-3-320. Regions Bank countered that the mortgage represents a revolving line of credit, which should be handled differently than a conventional mortgage, and that it could not satisfy the mortgage without instructions from Strawn himself.

On August 18, 2008, Circuit Court Judge J.C. Nicholson, Jr., granted the Borchers' motion. Citing admissions from Regions Bank employees, Judge Nicholson concluded that based on "these admissions by the Bank it is clear that the closing day payoff should have been processed as a payoff instead of a paydown and that the bank should have had the mortgage satisfied of record." Additionally, Judge Nicholson specifically cited section 29-3-320 and its imposition of liability for mortgage lenders that do not satisfy mortgages within three months after payoff.

Subsequently, on September 30, 2008, Regions Bank moved for summary judgment on the Borchers' counterclaims. Regions Bank's motion was heard in May of 2010. Circuit Court Judge R. Lawton McIntosh referenced the 2008 order

---

request is made, enter satisfaction in the proper office on the mortgage which shall forever thereafter discharge and satisfy the mortgage.

S.C. Code Ann. § 29-3-310 (2007).

and denied Regions Bank's motion for summary judgment.  Judge McIntosh then heard testimony and granted judgment in favor of the Borchers based on Regions Bank's failure to satisfy the mortgage within three months.  Regions Bank then appealed to the Court of Appeals.  The Court of Appeals affirmed, finding that the Borchers presented evidence to demonstrate that the Bank failed to satisfy the mortgage as required by section 29-3-310 and was subject to the penalty under section 29-3-320.  *Regions Bank v. Strawn*, 399 S.C. 530, 544, 732 S.E.2d 230, 237 (Ct. App. 2012).

## II.  DISCUSSION

Regions Bank posits multiple arguments in support of its contention that the Court of Appeals erred.  However, the gist of the arguments present two questions for the Court's consideration:  1) whether "open-end" mortgages, as contemplated by section 29-3-50[3], are an exception to section 29-3-310 in that only the grantor may request satisfaction or cancellation of the mortgage; and 2) whether the Borchers or any other mortgagor may assert a violation of sections 29-3-310 and 29-3-320 when their attorney had the authority to timely cancel or satisfy the mortgage pursuant to section 29-3-330.  For reasons discussed below, we answer the first question "no" and the second question "yes".

---

[3]  Section 29-3-50 reads in part:

Any mortgage or other instrument conveying an interest in or creating a lien on any real estate, securing existing indebtedness or future advances to be made, regardless of whether the advances are to be made at the option of the lender, are valid from the day and hour when recorded so as to affect the rights of subsequent creditors, whether lien creditors or simple contract creditors, or purchasers for valuable consideration without notice to the same extent as if the advances were made as of the date of the execution of the mortgage or other instrument for the total amount of advances made thereunder, together with all other indebtedness and sums secured thereby, the total amount of existing indebtedness and future advances outstanding at any one time may not exceed the maximum principal amount stated therein, plus interest thereon, attorney's fees and court costs.

S.C. Code Ann. § 29-3-50(A) (2007).

Initially, we note that there is sufficient evidence in the record to support the trial court's finding that the Borchers' attorney requested the mortgage be satisfied and tendered any necessary fees.

Regions Bank asserts the original grantor of the mortgage did not request that the mortgage be satisfied. Therefore, Regions Bank claims that it was neither authorized nor required to satisfy the mortgage. In support of this claim, Regions Bank cites section 29-3-50, *Central Production Credit Association v. Page*, 268 S.C. 1, 231 S.E.2d 210 (1977), and a mortgage provision. Regions Bank's reliance on this authority is misplaced.

A provision in the mortgage states, in relevant part, "upon request of Grantor, Lender will cause the mortgage to be released and cancelled of record." Regions Bank argues that this language restricts authority to request cancellation of the mortgage to the grantor, Strawn. However, Regions Bank conveniently overlooks the "Successors and Assigns" provision of the mortgage which states in relevant part:

> **Successors and Assigns.** Subject to any limitations stated in this Mortgage on transfer of Grantor's interest, this Mortgage shall be binding upon **and inure to the benefit of the parties, their successors and assigns.** If ownership of the Property becomes vested in a person other than Grantor, **Lender, without notice to Grantor, may deal with Grantor's successors with reference to this Mortgage** and the indebtedness by way of forbearance or extension without releasing Grantor from the obligations of this Mortgage or liability under the indebtedness. (Emphasis added).

The mortgage contemplates the possibility that the property would be sold. As successors to Strawn, the Borchers acquired Strawn's rights and benefits under the mortgage. As such, the Borchers, through their attorney, could request satisfaction of the mortgage. Moreover, Regions Bank was authorized to deal with Strawn's successors without Strawn's permission.

Regions Bank cannot seek solace in *Central Production Credit Association*. *Central Production Credit Association* does not say or infer that a request to satisfy an open-end mortgage can only be made by the grantor. To the contrary, Justice Littlejohn, writing for the Court, opined that the law requires that an open-end mortgage be cancelled upon request when there is no outstanding debt. *Cent. Prod. Credit Ass'n v*, 268 S.C. at 8, 231 S.E.2d at 214. Significantly, the Court

said that "section 45-61 provides for such cancellation." *Id.* Section 45-61[4] is the precursor to section 29-3-310. Both sections allow anyone with an interest in the mortgaged property to request cancellation or satisfaction of the mortgage. There is no exception for open-end mortgages. Regions Bank offers section 29-3-50 to create a pseudo-special status for open-end mortgages as it relates to mortgage satisfaction methods. No such status exists in our jurisprudence.

Finally, Regions Bank argues that the Borchers cannot assert a claim for violation of section 29-3-310 because the Borchers' attorney could have timely satisfied or cancelled the mortgage himself pursuant to section 29-3-330(e). This argument is without merit. Section 29-3-330(e) authorizes an attorney to enter an affidavit of satisfaction when a mortgage holder fails to do so. However, there is nothing in section 29-3-330(e) that exempts a mortgage holder from the penalty provisions of section 29-3-320.

## III.  CONCLUSION

Open-end mortgages are cancelled and satisfied in the same manner as other mortgages. Section 29-3-310 controls the method to do so. The law and the

---

[4] Section 45-61 reads:

> Any person who shall have received full payment or satisfaction or to whom a legal tender shall have been made of his debts, damages, costs and charges secured by the mortgage of real estate or personal property shall, at the request of the mortgagor or of his legal representative or any other person being a creditor of the debtor or a purchaser under him or having an interest in any estate bound by such mortgage and on tender of the fees of office for entering such satisfaction, within three months after such request made, enter satisfaction in the proper office on such mortgage which shall forever thereafter discharge and satisfy such mortgage.

Section 45-61 of the 1962 Code of Laws (currently codified as section 29-3-310).

mortgage itself required Regions Bank to satisfy the mortgage as requested. Accordingly, the Court of Appeals' decision is

**AFFIRMED.**

**TOAL, C.J., PLEICONES and HEARN, JJ., concur.  KITTREDGE, J., concurring in result only.**